# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANTON D. HUGHES,**
    **Petitioner,**

v.                                            **No. 3:17-cv-00232-DRH**

**UNITED STATES OF AMERICA,**
    **Respondent.**

## ORDER

**HERNDON, District Judge:**

Before the Court is petitioner Anton Hughes' ("Hughes") pro se 28 U.S.C. § 2255 petition asserting ineffective assistance of counsel ("IAC") (Doc. 1). The government opposes (Doc. 6). Based on the following, Hughes' § 2255 petition (Doc. 1) is **DENIED**.

## I. DISCUSSION

Hughes argues defense counsel was ineffective for failing to object to the government's use of his prior 21 U.S.C. § 856 conviction as a basis for sentence enhancement pursuant to 21 U.S.C. § 851 and U.S.S.G. § 4B1.1(a)(3) (*Id.* at 3). Specifically, Hughes erroneously contends his previous § 856 conviction, *see* SDIL Case No. 3:16-cr-30045-DRH-1, does not fit within the definition of a "controlled substance offense" as described in U.S.S.G. § 4B1.2(b)[1] (*Id.* at 5).

However—as the government correctly argues—§ 4B1.2 Commentary, Application Note 1 states plainly "[m]aintaining any place for the purpose of

---

[1] "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

facilitating a drug offense (21 U.S.C. § 856) is a 'controlled substance offense' if the offense of conviction established that the underlying offense (the offense facilitated) was a "controlled substance offense."  Correspondingly, § 4B1.2 Application Notes are binding unless they violate the Constitution or a federal statute, or are inconsistent with plain reading of the guideline.  *See United States v. Tate*, 822 F.3d 370, 375 (7th Cir. 2016) and *United States v. Dyer,* 464 F.3d 741 (7th Cir. 2006); *see also Stinson v. United States*, 508 U.S. 36, 38 (1993). Therefore Application Note 1 directly applies to Hughes' previous § 856 conviction because the underlying offenses were "controlled substance offenses," namely, Distribution of Crack Cocaine and Heroin in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).  *See* 16-cr-30045-DRH-1, Doc. 44.

In reply to the government's response, Hughes argues inter alia, that the modified "categorical approach" used "to classify a prior conviction under the Armed Career Criminal Act and similar provisions, including § 4B1.2," *see Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016),[2] illustrates how his § 856 conviction is not a controlled substance offense for purposes of § 4B1.2. "Under this approach the Court asks whether the elements of the crime—rather than what the defendant did in fact—bring the conviction within the scope of the recidivist enhancement."[3]  *Id.*, *see also Descamps, v. United States*, 133 S.Ct. 2276, 2281 (2013).  In comparing the elements of the crime of conviction with the

---

[2] *See also Mathis v. United States*, 136 St. Ct. 2243, 2248 (2016).

[3] The "modified categorical approach" is used when a prior conviction is for violating a "divisible statute," meaning the statute sets out one or more elements of the offense in the alternative.  *See Descamps*, at 2281.

elements of the generic crime, *see Descamps*, at 2218, as well as "presum[ing] the conviction rested on the least serious acts that could satisfy the statute," *see United States v. Armour*, 840 F.3d 904, 908 (7th Cir. 2016), the Court finds that Hughes' previous § 856 conviction fits squarely within § 4B1.2(b)'s definition of "controlled dangerous substance offense."

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Thus, in order to assert a viable IAC claim, Hughes must demonstrate "(1) that his trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that counsel's deficiency prejudiced the defense." *See Mendoza v. United States*, 755 F.3d 821, 830 (7th Cir. 2014); *see also Strickland*, 466 U.S. at 687-88.

Nothing in Hughes' § 2255 petition points to defense counsel's below objective performance, and Hughes was not prejudiced, as he voluntarily pled to all counts to which he was convicted. In other words, defense counsel could make no sustainable objection to the issue Hughes now attempts to raise. Based on the foregoing, Hughes' § 2255 petition (Doc. 1) is **DENIED**.

**IT IS SO ORDERED**.
Signed this 20th day of June, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.06.20 17:36:30 -05'00'

**UNITED STATES DISTRICT JUDGE**