# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTON D. HUGHES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.                              Civil No. 3:17-cv-0232-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is Petitioner Hughes' ("Hughes") August 7, 2017 motion to reconsider pursuant to Rule 59(e) (doc. 11). Hughes moves the Court to reconsider its June 21, 2017 Memorandum and Order (doc. 8) and judgment (doc. 9) denying his 28 U.S.C. § 2255 petition, alleging ineffective assistance of counsel based on failure to object to a sentence enhancement based on Hughes' prior § 856 conviction, and to enter a new Judgment order designating a sentence of 84 months. Based on the following, the Court **denies** the motion.

    **A. Legal Standard**

There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994); *United States v.*

1

*Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992). Here, although filed outside the 28 day window from when the Order and judgment dismissing his case was entered, the Court considered Hughes' motion as timely filed due to his being in transit between prisons when the June 21, 2017 Order was entered. *See* doc. 26. Thus, the Court analyzes his motion under Rule 59(e).

Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, relief pursuant to a Rule 59(e) motion

to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008).

To support his motion, Hughes points out two alleged legal errors made by the Court, however both focus on United States Sentencing Guideline ("USSG") § 4B1.2: 1. Improper use of treating Sentencing Guideline Application Notes as something to be "applied," and 2. That use of Application Note 1 of USSG § 4B1.2 violates the categorical approach laid out in *Mathis v. United States*, 136 S.Ct.2243 (2016). Hughes does not address any errors or relate any arguments pertaining to the use of his 2010 violation of 21 U.S.C. § 856(a)(1) as a "felony drug offense" predicate for purposes of enhanced sentencing under 21 U.S.C. 841(b)(1)[1]. Accordingly, the Court will focus its review on use of Hughes' prior § 856 offense as a "controlled substance offense" within the meaning of the career offender guideline.

### B. Analysis

#### 1. The Categorical Approach

---

[1] Hughes' conviction for violation of 21 U.S.C. 856(a)(1) is a "felony drug offense" for purposes of enhanced sentencing under 21 U.S.C. 841(b)(1). The term "felony drug offense" in 21 U.S.C. 841(b)(1) is defined exclusively by § 802(44), *Burgess v. United* States, 553 U.S. 124, 130 (2008), and does not specifically require that a defendant possess, use, distribute, or manufacture drugs. 21 U.S.C. 802(44). What it does require, is that a defendant engage in "conduct relating to narcotic drugs." *Id.* A plain reading of § 856(a)(1) demonstrates that it prohibits "conduct relating to narcotic drugs" in that it makes it unlawful to "knowingly maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance." 21 U.S.C. 856(a)(1). Hughes' 2010 indictment establishes that he maintained a residence for distributing crack cocaine, (*see* doc. 1, 3:10-CR-30051-DRH), and the Stipulation of Facts he signed at the time of his guilty plea, demonstrates that Hughes was engaging in "conduct relating to narcotic drugs." *Id.* at doc. 25. Accordingly, Hughes' 2010 conviction pursuant to 21 U.S.C. 856(a)(1) does constitute a "felony drug offense" within the meaning of 21 U.S.C. 841(b)(1) for purposes of enhanced sentencing.

3

In its Order denying Hughes' § 2255 (doc. 8), the Court repudiated Hughes' argument that under the "modified categorical approach," his § 856 conviction is not a controlled substance offense within the meaning of the career offender guideline. Indeed, the Court found that Hughes' previous § 856 conviction *fit squarely* within § 4B1.2's definition of "controlled dangerous substance offense." Doc. 8 at 3 (emphasis added). Hughes' insistence on application of this approach in his motion to reconsider has not only led the Court to reaffirm its decision regarding classification of the § 856 conviction, but also consider new arguments brought to light by the government; specifically, that the categorical approach need not even apply to Hughes' case. For the reasons stated below, the Court agrees.

Hughes argues that under the categorical approach refined in *Mathis*, courts focus on whether the elements of the crime of conviction, here violation of § 856, sufficiently match the elements of a controlled substance offense, while ignoring the particular facts of the case (doc. 11 at 2-3). The predicate offense cannot qualify if its elements are broader than those of the generic offense. Here, Hughes argues that § 856 provides alternative means of violating the statute that go beyond the definition of "controlled substance offense" as defined in § 4B1.2, so consequently, cannot serve as a predicate offense for use in determining career offender status. *Id*. at 5. In response, the government contends that the categorical approach simply does not apply to Hughes' case to determine if the prior § 856 conviction qualifies as a "controlled substance offense," because the

Sentencing Commission has already made that determination favorably within its Application Notes (doc. 31 at 9).

As the Court noted in its Order denying the § 2255 petition, the Sentencing Commission defines "controlled substance offense" in § 4B1.2(b) as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense a controlled substance.

Doc. 8 at n. 1; U.S.S.G. 4B1.2

Application note 1 to § 4B1.2 states that:

> Maintaining any place for the purpose of facilitating a drug offense (21 U.S.C. § 856) is a "controlled substance offense" if the offense of conviction established that the underlying offense (the offense facilitated) was a "controlled substance offense."

And application note 2 explains:

> [I]n determining whether an offense is a . . . controlled substance for purposes of § 4B1.1 (Career Offender), the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry.

U.S.S.G. 4B1.2.

Taken together, the notes focus the court on the offense facilitated, the actual conduct of the defendant, for purposes of determining if his actions constitute a controlled substance offense - not merely on the statute of conviction.

After reviewing the record for a second time, it is clear that Hughes' underlying offense, or the offense facilitated, was a "controlled substance offense." Hughes' indictment states that he maintained a residential dwelling "for the

5

purpose of distributing cocaine base." SDIL Criminal No. 10-CR-30051-DRH, Doc. 1; 16-CR-30045-DRH, PSR ¶41. Specifically, the elements of the offense were established in the indictment as: 1. Defendant knowingly and intentionally maintained a place at 1807 North 43rd Street, East St. Louis, Illinois, a residential dwelling, and 2. Defendant did so for the purpose of distributing cocaine base, in the form more commonly known as "crack cocaine." *Id*. The Court agrees with the government that Hughes' argument for application of the categorical approach, in that the elements of § 856 are broader than the definition of "controlled substance offense", would hold more water if the indictment charged more than one purpose for maintaining the residence. However, the only charged purpose of maintaining the residence was to distribute cocaine base in the form of crack, a controlled substance offense. Hughes admitted this element by pleading guilty and by signing and filing a Stipulation of Facts that maintained he owned the house and "regularly sold crack cocaine there." SDIL Criminal No. 10-CR-30051-DRH, Doc. 25. Accordingly, as the Application Notes direct the Court to review, Hughes' underlying offense, or offense facilitated, is a clear "controlled substance offense" by petitioner's own admissions.

**2. Application Notes are Binding**

In its June 21, 2017 Order, the Court held that application notes are binding unless they violate the Constitution or a federal statute, or are inconsistent with plain reading of the guideline. Doc. 8 at 2; *see also United States v. Tate,* 822 F.3d 370 (7th Cir. 2016) and *United States v. Dyer*, 464 F.3d

741 (7th Cir. 2006). Hughes does not make a constitutionality challenge nor does he assert that the pertinent application notes are inconsistent with a federal statute or plain reading of the guideline. Instead, Hughes argues the Court should not apply the application notes in that their use violates *United States v. Rollins*, 836 F.3d 737 (7th Cir. 2016) (Residual clause of Sentencing Guideline defining what constitutes a "crime of violence," unconstitutionally vague so that defendant's prior conviction for possession of sawed-off shotgun not a "crime of violence" under Sentencing Guidelines). In *Rollins*, the Seventh Circuit held that Application Note 1 had no legal force independent of the sentencing guideline itself. *Id*. at 739. Hughes adamantly points the Court to this to bolster his arguments.

However, the principle taken from *Rollins* is that an application note interpreting a <u>*constitutionally invalid*</u> guideline provision has no independent legal effect outside the defunct guideline. That is not the case in the underlying matter and Hughes misses the mark making an argument based on *Rollins*. Here, there is nothing unconstitutionally invalid about the guideline defining "controlled substance offense," and thus, the principle establishing that application notes are binding, authoritative interpretations of **valid** guidelines, applies to Hughes[2]. *See*

---

[2] Hughes' argument that his 2010 conviction was not a "controlled substance offense" based on *United States v. Baker*, 16 F.3d 854 (8th Cir. 1994) is also misplaced. In *Baker*, a jury convicted defendant for a violation of 21 U.S.C. § 856 based on an ambiguous verdict form that stated he "maintained, managed, or controlled the residence . . . for the purpose of distributing or using a controlled substance, *id*. at 857 and Baker was sentenced as a career offender. The appellate court held that because "using" a controlled substance was not a "controlled substance offense" and the verdict form was ambivalent on whether the conviction was for "using" or "distributing," Baker could not be sentenced as a career offender. The facts of Hughes' case clearly demonstrate

7

*Tate*, 822 F.3d at 375; *Dyer*, 464 F.3d at 743. *See also*, *Stinson v. United States*, 508 U.S. 36, 38 (1993) (Unless an Application Note is clearly erroneous or in conflict with the Constitution, a federal statute, or the guideline itself, the note is binding). Because the relevant application notes in § 4B1.2(b) are binding on the Court, an analysis under *Mathis* using the categorical approach is inapplicable and unnecessary.

C. **Conclusion**

Based on the foregoing and the Court's June 21, 2017 Order denying Hughes' § 2255 petition, Hughes did not receive ineffective assistance of counsel. His counsel's performance was within the wide range of professionally competent assistance as there was no viable objection available to either the use of the 2010 § 856 conviction as the basis for a § 851 enhancement, or as a predicate offense for career offender status. Thus, the test articulated under *Strickland v. Washington*, 466 U.S. 668 (1984) has been met. Therefore, Hughes' Motion to Reconsider (doc. 11) the Order denying his § 2255 petition based on ineffective assistance of counsel (doc. 8) is **DENIED**.

Further, because the Court issues a final order, it will also deny a certificate of appealability as to the motion for reconsideration. A certificate of appealability is required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); FED. R.APP. P. 22(b). The Court denies a certificate of appealability, as reasonable jurists would not debate

---

that his 2010 conviction was for *distributing* a controlled substance, thus demonstrating that the underlying offense was a "controlled substance offense" under Application Note 1.

that the denials of both petitioner's §2255 petition and his instant motion to reconsider are proper. See *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (stating, "a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, … reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further") (citation and quotation marks omitted).

Accordingly, the Court **DENIES** Hughes' motion to reconsider pursuant to Rule 59(e) to alter or amend judgment (doc. 11).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.29
15:49:18 -05'00'

**United States District Judge**